IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| IN RE | : | CHAPTER 13 |
| | : | |
| JUNETTE BUTLER | : | CASE NO: 19-14920JKF |
| | : | |
| | : | |
| Debtor | : | |
| _____ | : | |

**DEBTOR'S RESPONSE TO THE MOTION
REQUESTING RELIEF FROM THE AUTOMATIC STAY**

The Debtor, through counsel, responds to the Motion of Pennsylvania Housing Finance Agency ("Movant"), for relief from the automatic stay as to Debtor's residence at 32 North Yewdall Street, Philadelphia, PA 19139 (the "Property") as follows:

1. Admitted.

2. Admitted.

3. Debtor lacks sufficient knowledge to admit or deny this allegation and therefore denies it.

4. Admitted.

5. Admitted

6. Denied as stated. As discussed below, Debtor was in a trial payment plan that was wrongfully terminated by PHFA. Upon information and belief, following that termination, PHFA would not take monthly payments had Debtor attempted to make them, since it considered the loan in default.

7. Debtor lacks knowledge as to what Movant has or has not received, and therefore this allegation is denied. By way of further response, there is no basis for legal fees or costs associated with the Motion.

8. Debtor lacks knowledge as to what Movant has or has not received or how Movant has applied payments, and therefore this allegation is denied. By way of further response, upon information and believe, Movant has assessed wrongful and unreasonable fees and costs.

9. Admitted.

10. Denied. There is no basis for legal fees or costs associated with the Motion. Indeed, Movant is fully aware that the purpose behind this bankruptcy was to file a motion to avoid a subordinate judicial lien on the Property (scheduled for September 18, 2019) which Movant wrongfully used as a basis to deny Debtor a loan modification. Movant has brought the Motion solely to harass and to impose further fees and costs against the Debtor.

11. Denied. There is no cause for relief from the automatic stay.

12. This is a conclusion of law to which no response is required. To the extent a response is required, there is no basis for legal fees or costs associated with the Motion or any other fees and costs that Movant may wrongfully be assessing.

13. By way of further response, Movant has a policy and practice of taking a broad and unsupportable and false legal premise that modifying the terms of its mortgage loans changes the lien priority of Movant's loan in every case, without conducting the requisite case-by-case analysis.

14. Notwithstanding that Movant was fully aware that Debtor had a subordinate judgment lien in excess of $12,000 on the Property that she could not possibly pay off, Movant induced Debtor into entering a Trial Payment Plan that Movant knew it would not finalize. In justifiable reliance,

Debtor began making payments until Movant denied her a final loan modification. Debtor has suffered ascertainable damages as a result of Movant's unfair and deceptive acts and conduct. See Schedules A/B and C (identifying Debtor's cause of action against Movant).

15. The Court may deny the Motion for relief from stay upon Debtor making adequate protection payments until his discharge is entered. Debtor is willing to resume monthly payments if Movant accepts them and agrees to review her for loss mitigation once her motion to avoid the judgment lien is granted.

16. Moreover, 362(d) does not require terminating the automatic stay. Rather, the Court may also modify or condition the stay.

17. As Debtor ha taken the action necessary to address the lien issue raised by Movant in denying her loan modification, to the extent that the Court is inclined to grant the Motion, it should limit stay relief solely for the purpose to allowing PHFA to consider Debtor for loss mitigation alternatives.

WHEREFORE the Debtor requests that the Motion be DENIED.

    /s/ Alfonso Madrid
ALFONSO MADRID, ESQ.
Attorney for Debtor
757 South 8th St.
Philadelphia PA 19147
(215) 925-1002
(215) 689-4809 (fax)
Alfonsomadrid.esq@gmail.com